UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| THE HARTFORD FIRE INSURANCE CO., )<br>a Connecticut State corporation, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>RICHTER-TAYLOR CONSTRUCTION )<br>SPECIALIST INC., an Illinois )<br>corporation, et al., )<br>Defendants. ) | Case No. 07-2038 |

# REPORT AND RECOMMENDATION

In February 2007, Plaintiff Hartford Fire Insurance Company filed a Complaint for Contractual Indemnity (#1) against Defendants, Richter-Taylor Construction Specialists, Inc., Brian Taylor, Belinda Richmond Taylor, Brad Taylor, Linda Richter, and Ronald Richter. Federal jurisdiction is based on diversity pursuant to 28 U.S.C. § 1332.

In March 2007, Defendants filed a Motion To Transfer Venue (#6). After reviewing the parties' pleadings and memoranda, this Court recommends, pursuant to its authority under 28 U.S.C. § 636(b)(1)(B), that Defendants' Motion To Transfer Venue **(#6)** be **GRANTED**.

## I. Background

The following background is based on the complaint. Plaintiff is a citizen of Connecticut and Defendants are citizens of Illinois and Missouri.

The Board of Education, Neoga CUSD, contracted with Defendant Richter-Taylor to provide labor and materials on a project to build a new school. In accordance with the Illinois Public Construction Bond Act (30 ILCS 550/1, 2 *et seq.*), Richter-Taylor obtained payment and performance surety bonds for the school project to guarantee its performance obligations under the contracts and to ensure its payment obligations to subcontractors and materialmen. Hartford issued the payment and performance bonds on behalf of Richter-Taylor. As a condition for

Hartford's issuance of the bonds, Hartford required Defendants to sign a General Indemnity Agreement which required Defendants to indemnify and hold Hartford harmless, in part, from all liability under the bonds it issued on behalf of Richter-Taylor. Specifically, the General Indemnity Agreement provides, in pertinent part, as follows:

> III. The Indemnitors will indemnify and hold the Surety harmless from all loss, liability, damages and expenses . . . .
>
> IV. On demand by the Surety, the Indemnitors will pay the Surety the amount deemed necessary by the Surety to protect itself from all losses or expenses as soon as the Surety determines that liability exists . . . .

General Indemnity Agreement, ¶¶ III, IV.

Plaintiff Hartford received numerous claims under the payment bonds from allegedly unpaid subcontractors and suppliers and from Neoga CUSD. In November 2004, Hartford notified Defendants of the bond claims and asked Defendants to indemnify Hartford. Hartford paid claimants a total of $112,125.15 to discharge its obligations under the bonds. In January 2007, Hartford asked Defendants for reimbursement for the amounts it paid plus additional costs. Richter-Taylor has failed to indemnify Plaintiff for claim payments made by Hartford and for its costs and expenses related to the bonds issued on its behalf.

Plaintiff's complaint alleges breach of contract and common law reimbursement.

## II.  Standard

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering a motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368-69 (7th Cir. 1997). The Court should dismiss the claim only if the nonmoving party cannot prove any set of facts consistent with the allegations of the complaint that would entitle him to relief. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1319-20 (7th Cir. 1997).

### III. Analysis

Defendants argue that venue is improper in this district and the suit should be transferred to the District Court for the Southern District of Illinois. Plaintiff has not responded to the motion to transfer; the Court assumes that it does not object. (CDIL-LR 7.1(B)(2).)

Venue is governed by the provisions of 28 U.S.C. § 1391, which provides, in pertinent part, as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Defendants first note that Section 1391(a)(1) does not apply because some Defendants are not Illinois citizens. Instead, Defendants contend that Section 1391(a)(2) applies. The school project was located in Neoga, Cumberland County, Illinois, and a substantial part of the events or omissions occurred there. That county is located within the territorial limits of the United States District Court for the Southern District of Illinois.

The Court agrees with Defendants. Accordingly, the Court recommends transferring this case to the United States District Court for the Southern District of Illinois.

### IV. Summary

For the reasons stated above, this Court recommends that Defendants' Motion To Transfer Venue **(#6)** be **GRANTED**. The parties are advised that any objection to this recommendation must be filed in writing with the clerk within ten (10) working days after being

served with a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to object will constitute a waiver of objections on appeal. *Video Views, Inc. v. Studio 21, Ltd.*, 797 F.2d 538, 539 (7th Cir. 1986).

    ENTER this 2nd day of April, 2007.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE